UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. 08-50027-01-KES |
| ) | CR. 08-50027-02-KES |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER DENYING |
| ) | DEFENDANTS' MOTION FOR A |
| JESE A. HERNANDEZ-MENDOZA ) | JUDGMENT OF ACQUITTAL |
| and EDDIE MARTINEZ, ) | |
| ) | |
| Defendants. ) | |

Defendants Jese Hernandez-Mendoza and Eddie Martinez moved for a judgment of acquittal during trial and after the jury's verdict. The government opposed the motions. The motions are denied.

Hernandez-Mendoza and Martinez were charged in a three-count indictment for conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession with intent to distribute cocaine. Docket 14. A jury trial commenced on September 2, 2008, and ended on September 3, 2008. At the close of the government's evidence,[1] both defendants moved for a judgment of acquittal. The court reserved ruling on their motions until after the jury returned its verdict. The jury returned a verdict of guilty on all counts, and defendants again moved for a judgment of acquittal. The court indicated that it would issue a written opinion ruling on the motions for a judgment of acquittal.

---

[1] Defendants presented no evidence at trial.

Federal Rule of Criminal Procedure 29 allows the entry of a judgment of acquittal for "any offense for which the evidence is insufficient to sustain a conviction." In considering a motion for a judgment of acquittal, the court must view "the evidence in the light most favorable to the Government, resolving evidentiary conflicts in favor of the Government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." Petersen v. United States, 352 F. Supp. 2d 1016, 1026 (D.S.D. 2005) (internal citations omitted). "When a district court considers a motion for acquittal, it does so with 'very limited latitude.' The court should not assess the credibility of the witnesses or weigh the evidence." United States v. Hernandez, 301 F.3d 886, 889 (8th Cir. 2002) (internal citations omitted). A motion should be granted only if the court concludes that "*no* reasonable jury could have found guilt beyond a reasonable doubt." United States v. Williams, 340 F.3d 563, 570 (8th Cir. 2003) (emphasis in original).

Here, defendants relied upon United States v. Mendoza-Larios, 416 F.3d 872 (8th Cir. 2005), to argue that the government presented insufficient evidence to convict the defendants of the offenses charged in the indictment. Specifically, defendants argued that there was no evidence presented to prove that defendants knew that there were illegal drugs located in the car they were driving. Therefore, defendants maintained that the government failed to produce sufficient evidence to prove the element of knowledge.

2

In Mendoza-Larios, 416 F.3d at 873, the Eighth Circuit reversed the convictions of the two defendants for possession with intent to distribute cocaine and conspiracy to distribute cocaine because under the facts of the case, a reasonable jury would have reasonable doubt as to whether the defendants knew that there was cocaine located in the car they were driving. In that case, police seized eight kilograms of cocaine from a hidden compartment welded within the airbag space under the passenger-side dash in a car driven by the defendants. The Eighth Circuit explained that both sides presented all-or-nothing cases, which depended upon whether the defendants were aware of the cocaine and that, therefore, the determination focused on the evidence of the defendants' knowledge. Id.

The evidence presented in that case relating to the defendants' knowledge included the fact that the defendants traveled for hours, each driving at times, in a car containing a large amount of concealed cocaine and that a third party, Gilardo Santos, owned the car. The Eighth Circuit determined that this evidence was insufficient to prove the defendants knowingly possessed a controlled substance. Id. The Eighth Circuit also noted that beyond the defendants' mere presence in a car with illegal drugs, the government contended at trial that the defendants lied to distance themselves from wrongdoing. The government emphasized discrepancies in the defendants' statements about the length of time they had known one another, their destination, who approached them about driving the car, and

financial arrangements regarding the trip.  Id. at 875.  The Eighth Circuit found that the inconsistent statements were not enough evidence to support a conviction.  Finally, the Eighth Circuit found that the other pieces of evidence found in the defendants' car, including a collapsible baton, an air-freshener under the back seat, an unopened box of latex gloves in the truck, one defendant's possession of $600, pieces of electrical wire, an unusually hard airbag lid, and a glove box that did not securely latch were insufficient evidence to support the convictions.  Id. at 876.

Here, the government presented evidence that demonstrated that several items found in the car were related to the hidden drugs.  There was testimony that four cell phones and directions to the general vicinity of defendants' destination but no address or phone number for the final destination were found in the car.  There was also testimony that the car contained only one small duffle bag for two grown men for a one-week trip, which included, among other things, only one pair of pants for each defendant, one pair of socks, and no underwear.  Additionally, the officers found epoxy, a Phillips screwdriver, and a standard screwdriver, all items needed to gain access and to hide the drugs in the hidden compartment.[2]

Further, the government presented evidence of the defendants' responses to certain inquiries by law enforcement and statements to one

---

[2] The court notes that there was no tool box found in the car and that the only two tools found in the car were the screwdrivers.

4

another.  Testimony at trial indicated that when defendants were asked if they had methamphetamine in the car, both of them made an inaudible response and shook their heads, while looking at the ground.  Significantly, their response to this question was different than their responses to questions about other illegal drugs.  A tape recording of a conversation between defendants in a patrol car demonstrated that defendants were verifying with each other who they were going to see in Iowa.  The tape also illustrated that defendants were not outraged when they learned that the highway patrol trooper found a substantial quantity of illegal drugs in the car they were driving.

Moreover, the government relied on Martinez's statements to Agent Chad Evans to raise questions about defendants' purported destination, which was Hernandez-Mendoza's aunt's house in Fairfield, Iowa.  The government emphasized that Martinez, a landscaper, who only had $13 in his pocket at the time the car was pulled over, had hitched a ride from his home in California, to Renton, Washington, for the purpose of riding with Hernandez-Mendoza to Iowa to visit Hernandez-Mendoza's relatives.  Also, evidence was presented that Hernandez-Mendoza decided to take a trip across the country to Iowa to visit relatives without his young child, despite the fact that his wife had just gotten a new job.

The court finds that the present case is distinguishable from Hernandez-Larios.  Unlike Hernandez-Larios, in this case, there is more

5

physical evidence directly related to the hidden illegal drugs, such as the two lone screwdrivers and epoxy, which were the tools needed to access and to hide the drugs.  Also, the four cell phones, smell of air freshener, vague directions, and one duffle bag are criminal indicators that support an inference that defendants had knowledge that the vehicle may contain illegal drugs.  Further, unlike <u>Hernandez-Larios</u>, in this case, the government presented evidence of defendants' statements and reactions, and the jury could have reasonably inferred such actions supported the finding that defendants knew about the illegal drugs in the car.  Accordingly, the court finds that the significant physical evidence provided by the government coupled with defendants' statements and actions as well as all reasonable inferences drawn from this evidence would allow a reasonable jury to find the defendants guilty beyond a reasonable doubt as to all three counts in the indictment.  Therefore, it is hereby

ORDERED that defendants' motions for a judgment of acquittal are denied.

Dated September 9, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE